UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

LEV PARNAS,
                     Defendant.

19-CR-725-1 (JPO)

MEMORANDUM AND ORDER

---

J. PAUL OETKEN, District Judge:

    On September 17, 2020, Defendant Lev Parnas ("Parnas") was changed in a seven-count Superseding Indictment, including, *inter alia*, conspiracy to commit wire fraud under 18 U.S.C. § 1349 (Count Seven). (ECF No. 120.) The Indictment included a forfeiture allegation associated with Count Seven, which sought forfeiture to the United States of all assets traceable to the commission of the Count Seven offense. (ECF No. 349 ¶ 2.)

    On March 25, 2022, Parnas pleaded guilty to Count Seven. (ECF No. 324.) On June 29, 2022, Parnas was sentenced and ordered to forfeit $1,761,200. (ECF No. 339.) On August 29, 2022, the Court entered an Order of Forfeiture imposing a $1,761,200 money judgment on Parnas, which remains unpaid. (ECF No. 349 ¶¶ 5 – 6.) The Government has searched for, and failed to discover, assets actually associated with the gains from Parnas's criminal convictions. But the Government has located two substitute assets, 75% of Parnas's money entitlements under Social Security and, at issue here, the $200,000 that Parnas's wife put up as bond during his criminal proceedings. The Government seeks to forfeit Parnas's interests in these substitute assets and to have that sum applied toward Parnas's outstanding money judgment. (ECF No. 349 ¶ 14.) Parnas does not oppose the Government's request. (ECF No. 350.)

    The request, however, is opposed by a third party, the Pues Family Trust IRA ("PFT"). (ECF No. 354.) PFT also has a money judgment against Parnas as a result of a final judgment in

1

a lawsuit between Parnas and PFT; this judgment, worth $510,434.70, was entered on March 28, 2016. (*Id.*)  Parnas evidently did not pay this judgment, and some years later, PFT brought suit to enforce the judgment.  On July 24, 2020, PFT settled that litigation with Parnas.  Pursuant to their settlement agreement, the $200,000 put up by Parnas's wife, Svetlana Parnas, would be paid to PFT to partially satisfy the outstanding amount owed PFT by Parnas.  (*Id.*)

PFT argues that the $200,000 bail amount is not a substitute asset which the Government may claim through forfeiture.  But PFT misreads the relevant statute.  Under 21 U.S.C. § 853(p), if due to "any act or omission of the [d]efendant," any property "cannot be located" despite "the exercise of due diligence," then the Court "*shall* order the forfeiture of any property of the Defendant, up to the value of any property" associated with his criminal acts and moved or transferred by the defendant.  *Id.* § 853(p)(1)(A) (emphasis added).  "Section 853(p) is not discretionary . . . .  When the Government cannot reach the property initially subject to forfeiture, federal law *requires* a court to substitute assets for the unavailable tainted property."  *United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006).

The Government's motion for forfeiture of the above-described assets must be granted. (ECF 349.)  Whatever the merits of PFT's claim to creditor priority over the Government, its attempt to intervene here is procedurally impermissible.  "It is well established that third parties may not intervene during criminal forfeiture proceedings to assert their interests in the property being forfeited."  *DSI Assocs. LLC v. United States*, 496 F.3d 175, 183 (2d Cir. 2007) (citing 21 U.S.C. § 853(k)).  As interpreted by the Second Circuit, "section 853 provides that, until th[e] sentence of forfeiture is entered, no [third] party claiming an interest in the forfeited property may intervene in the criminal case."  *DSI*, 496 F.3d at 183 (citation omitted).  And "[i]t is similarly well settled that section 853(n) provides the exclusive means by which a third party

may lay claim to [a criminal defendant's] forfeited assets," but *only after* "the preliminary forfeiture order has been entered." *Id.* An "ancillary" civil proceeding under section 853(n) is "the *only* avenue for a post-indictment third-party claim to forfeited property" because the section 853 "statutory scheme bars commencement of 'an action at law or equity against the United States concerning the validity of [a third party's] alleged interest in the property . . . subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under" the statute. *De Almeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2005) (quoting 21 U.S.C. § 853(k)).

Thus, the Government's motion is deemed unopposed, and its request for the specified Substitute Asset Order is granted. Only after that order is entered may PFT assert an interest in the $200,000 of bail funds by the exclusive means of filing a section 853(n) claim. (ECF No. 349-2.) *See United States v. Malley*, 2022 WL 2764018, at *3 (S.D.N.Y. July 15, 2022) ("To the extent that any third parties have an interest in the property, they will have an opportunity to challenge the Government's claim during the ancillary hearings following the entry of the preliminary order of forfeiture." (cleaned up)).

For the foregoing reasons, the Government's motion for a substitute asset order is GRANTED. The Clerk of Court is directed to close the motion at ECF Number 349.

SO ORDERED.

Dated: July 17, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge

3