UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

LEV PARNAS, *et al.*,
                        Defendants.

19-CR-725 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

The New York Times ("the Times") has submitted a request for an order unsealing certain documents relating to the searches conducted in this matter. Specifically, the Times asks the Court to unseal the search warrants, search warrant applications, supporting affidavits, court orders, and returns on executed warrants related to searches of property of Lev Parnas and Igor Fruman (the "Sealed Records"). (*See* ECF No. 366.) Mr. Parnas consents to the Times' request, while Mr. Fruman takes no position on it. The Government consents to the unsealing of the Sealed Records with certain limited redactions for the protection of third-party privacy interests. (*See* ECF No. 369.)

Under Second Circuit precedent, there is a presumptive right of access to judicial documents under both the common law and the First Amendment. *United States v. Erie County*, 763 F.3d 235, 238-39 (2d Cir. 2014). Judicial documents may be sealed in whole or in part only where it "is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). The Second Circuit has held that the public has a qualified common law right of access to search warrant materials after an investigation is over. *See In re Newsday, Inc.*, 895 F.2d 74, 76 (2d Cir. 1990). "Search warrants and associated documents go to the heart of the judicial function. The judicial determination whether to grant a

1

search warrant, and thus allow the government to enter and search private property, directly affects individuals' substantive rights." *In re Search Warrant*, No. 16-MC-464, 2016 WL 7339113, at *3 (S.D.N.Y. Dec. 19, 2016) (Castel, J.). Here, the Sealed Records are judicial documents, and the presumption of public access is high.

After determining the weight of the presumption of access, the Court must "balance competing considerations against it," including "the danger of impairing law enforcement or judicial efficiency" and the "privacy interests of those resisting disclosure." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *In re Newsday, Inc.*, 895 F.2d at 79-80 (internal quotation marks and citation omitted).

The Court agrees with the Government that most of the numerous uncharged third parties referenced in the Sealed Records have a strong privacy interest in nondisclosure, and that that interest outweighs the public's right of access with respect to their identities. *See, e.g., In re Search Warrant Dated November 5, 2021*, No. 21-MC-813, 2021 WL 5830728, at *6-8 (S.D.N.Y. Dec. 7, 2021) (Cave, M.J.).

The Court agrees with the Times, however, that the balancing of competing interests comes out differently as to materials relating to former President Donald Trump. (*See* ECF No. 370.) First, Mr. Trump is a public figure and current candidate for President, and his relationship to the Sealed Records involves his roles as a presidential candidate and as President of the United States. His privacy interest is therefore diminished, and the public interest in disclosure correspondingly heightened, with respect to these materials. *See, e.g., Common Cause v. Nat'l Archives & Recs. Serv.*, 628 F.2d 179, 184 (D.C. Cir. 1980); *Amodeo*, 71 F.3d at 1051 (courts must consider "the degree to which the subject matter is traditionally considered private rather

than public"); *Prescient Acquisition Grp., Inc. v. MJ Pub. Trust*, 487 F. Supp 2d 374, 376 (S.D.N.Y. 2007) ("a generalized concern of adverse publicity concerning a public figure" does not "outweigh[] the presumption of access"). Second, Mr. Trump's conduct relating to the events at issue in the Sealed Records has been the subject of widespread public disclosure in connection with his impeachment proceedings. This extensive public disclosure leaves him with "little remaining privacy interest" in the nondisclosure of these materials. *In re Search Warrant*, 2016 WL 7339113, at *4. Third, given the central role of Mr. Trump and particularly his presidential campaign in the events addressed in the Sealed Records, most of the proposed redactions do not meaningfully protect any privacy interest because his identity remains obvious in context. (The most common redaction proposed by the Government is "President [redacted]"; others include "the agenda of the [redacted] Administration" and "[redacted] for President, Inc.") And finally, the Times did not receive a response from Mr. Trump's counsel after seeking his consent to the unsealing of the Sealed Records, indicating that he apparently is not "resisting disclosure." *Amodeo*, 71 F.3d at 1050.

\* \* \*

The Court has reviewed the Government's proposed redactions to the Sealed Records and finds them to be narrowly tailored to serving the privacy interests of third parties, which outweigh the public interest in disclosure, with the exception addressed above.

Accordingly, it is hereby ORDERED that the Sealed Records are unsealed, subject to the redactions proposed by the Government other than those referencing former President Trump.

SO ORDERED.

Dated: December 12, 2023
      New York, New York

_____
J. PAUL OETKEN
United States District Judge