AO 93 (SDNY Rev. 01/17) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Three iCloud Accounts, Two iPhones, and One iPad Currently Located on Five Hard Drive Partitions Containing the Results of Prior Search Warrants

Case No. **20 MAG 02241**

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ___Southern___ District of ___New York___
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment A

The search and seizure are related to violation(s) of *(insert statutory citations)*:

**18 U.S.C. § 1343 (wire fraud) and § 1349 (attempting and/or conspiring to commit wire fraud)**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before   ___3/12/2020___
                                                                  *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court.
☒ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court. ___JPO___
                                                                                                    *USMJ Initials*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   3/3/20 4:10 PM          _____/s/ J. Paul Oetken_____
                                                          *Judge's signature*

City and state:   New York, NY                   J. Paul Oetken, United States District Judge
                                                         *Printed name and title*

Case 1:19-cr-00725-JPO   Document 374-58   Filed 12/19/23   Page 2 of 5

AO 93 (SDNY Rev. 01/17) Search and Seizure Warrant (Page 2)

| **Return** ||| 
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the Court.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Attachment A

## I. Devices to be Searched

The devices to be searched ("Subject Device-2," "Subject Device-3," "Subject Device-5," "Subject Device-6," and "Subject Device-7," and collectively, the "Subject Devices") are described as hard drive partitions containing the following content and information obtained pursuant to the following prior search warrants:

| Account/Device | Previously searched pursuant to search warrant(s) | Referred to as |
|---|---|---|
| **SUBJECT DEVICE-2** | | |
| iCloud account number ▇▇▇▇▇ <br> iCloud account number ▇▇▇▇▇ | 19 Mag. 4784 (May 16, 2019) <br> 19 Mag. 9829 (Oct. 21, 2019) <br> 19 Mag. 9832 (Oct. 21, 2019) | Parnas iCloud Accounts |
| **SUBJECT DEVICE-3** | | |
| Black iPhone 11 with the serial number ▇▇▇▇▇ seized from Lev Parnas incident to his arrest at Dulles International Airport on Oct. 9, 2019 | 19 Mag. 9831 (Oct. 21, 2019) | Parnas iPhone 11 |
| **SUBJECT DEVICE-5** | | |
| iCloud account number ▇▇▇▇▇ | 19 Mag. 4784 (May 16, 2019) <br> 19 Mag. 9832 (Oct. 21, 2019) | ▇▇▇▇▇ iCloud Account |
| **SUBJECT DEVICE-6** | | |
| iPhone 6 with the IMEI number ▇▇▇▇▇, seized from Lev Parnas's residence on Oct. 9, 2019 | 19-8415-WM (S.D.F.L.) (Oct. 9, 2019) <br> 19 Mag. 11500 (Dec. 10, 2019) | Parnas iPhone 6 |
| **SUBJECT DEVICE-7** | | |
| iPad with the serial number ▇▇▇▇▇, seized from Lev Parnas's residence on Oct. 9, 2019 | 19-8415-WM (S.D.F.L.) (Oct. 9, 2019) <br> 19 Mag. 11500 (Dec. 10, 2019) | Parnas iPad |

## II. Review of ESI on the Subject Devices

Law enforcement personnel (including, in addition to law enforcement officers and agents, and depending on the nature of the ESI and the status of the investigation and related proceedings, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, interpreters, and outside vendors or technical experts under government control) are authorized to review the ESI contained on the Subject Devices for evidence, fruits, and instrumentalities of one or more violations of 18 U.S.C. § 1343 (wire fraud) and § 1349 (attempting and/or conspiring to commit wire fraud) (together, the "Subject Offenses")—limited to content created, sent, or received (i) on or after November 1, 2012 through September 1, 2013, as to Subject Device-2 and Subject Device-3; and (ii) on or after November 1, 2012 through the date of this warrant, as to Subject Device-5, Subject Device-6, and Subject Device-7—as listed below:

a. Evidence relating to, including communications with, Rudolph Giuliani ▮ ▮ and any actual or potential investors, members, or partners of Fraud Guarantee;

b. Evidence relating to Fraud Guarantee's plans, finances, assets, and operations, or lack thereof, including any corporate books and records;

c. Evidence relating to Fraud Guarantee's actual or prospective business relationships, including but not limited to business relationships with any insurance carriers;

d. Evidence relating to false and fraudulent representations made to potential or actual investors, including drafts of any corporate documents and related materials;

e. Evidence relating to Fraud Guarantee's members, officers, directors, investors, partners, employees, agents, consultants, affiliates, subsidiaries, and associates.

f. Evidence relating to the nature and extent of Rudolph Giuliani's and ▮ ▮ work on behalf of Parnas, Correia, and/or Fraud Guarantee, or lack thereof, including any evidence of Giuliani's efforts to assist in the removal of Ambassador ▮ and whether or not such efforts benefited Fraud Guarantee;

2

g. Evidence relating to any efforts by Parnas, Correia, their family members, or others associated with Fraud Guarantee in receiving, transferring, withdrawing, or otherwise using any monetary funds or instruments;

h. Evidence relating to the use of monetary funds or instruments paid to Fraud Guarantee, Parnas, or Correia to make political contributions;

i. Evidence of meetings between Parnas, Correia, Giuliani, and any actual or potential investors in Fraud Guarantee, including but not limited to travel records, and location and IP records;

j. Evidence of the existence of email accounts, iCloud accounts, or electronic devices used by Parnas, Correia or others associated with Fraud Guarantee to communicate with actual or potential investors, or co-conspirators;

k. Passwords or other information needed to access user's online accounts.